Jacob Weisberg (State Bar # 49065)
LAW OFFICES OF JACOB M. WEISBERG
844 N Van Ness
Fresno, CA 93728
Tel: (559) 441-0201
Fax: (559) 441-8361
jmw@jweisberglaw.com

Attorneys for Plaintiff Richard P. Berman

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD P. BERMAN, | CASE NO.  CV-F-13-0597 LJO SAB |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| DEPUTY T. SINK; SGT. GEORGE BERTSCH; LT. JOHN REYNOLDS; SHERIFF MARGARET MIMS; THE COUNTY OF FRESNO; THE JUDICIAL COUNCIL OF CALIFORNIA; DOES 1-10, | |
| Defendants | |

IT IS HEREBY STIPULATED by, among, and between Plaintiff RICHARD BERMAN (hereinafter "Plaintiff") and Defendants COUNTY OF FRESNO and TRACY SINK (hereinafter "Defendants"), that certain documents sought pursuant to Defendants' Request for Production of Documents, Set No. 1, will be produced subject to the following Protective Order:

1

1. The disclosed documents designated as "confidential" shall be used solely in connection with the civil case entitled *Richard Berman v. County of Fresno, et al.,* United States District Court Case No. 1:13-cv-00597-LJO-SAB (Eastern District of California), and in the preparation and trial of this action, and any related proceedings.  NO waiver of any objection to the admissibility of the documents subject to the instant protective order should be implied.  The "confidential" documents and materials are identified as follows:

  a. Financial records and all other records of clients or potential of Mr. Berman.

2. Documents or materials designated under this Stipulated Protective Order may only be disclosed to the following persons:

  a. Michael R. Linden, counsel for Defendants;

  b. Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart a. directly above, including stenographic deposition reporters or videographers retained in connection with this action;

  c. Court personnel, including stenographic reporters of videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

  d. Any expert, consultant, or investigator retained in connection with this action;

  e. The finder of fact at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel.

3. Each recipient of documents or materials identified above shall be provided with a copy of this Stipulated Protective Order, which he or she shall read prior to the disclosure of the documents or material.  Upon reading this Stipulated Protective Order, such person shall abide by its terms.  Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to the enforcement of this Stipulated Protective Order, including, without limitation, any proceeding for contempt.  Provisions of this Stipulated Protective order,

1  insofar as the restrict disclosure and use of the material, shall be in effect until further order of
2  this Court.
3     4.    The production of documents and materials identified above is without
4  prejudice to the right of any party to oppose the admissibility of the designated information.
5     5.    Copies of "Confidential" Documents
6        The following procedures shall be utilized by the parties in production of documents
7  and materials designated "confidential" and identified above:
8        a.    Defendants' counsel shall receive one copy of the documents or
9  materials designated as "confidential" above.
10       b.    Defendants' counsel shall not copy, duplicate, furnish, disclose, or
11 otherwise divulge any information contained in the "confidential" documents to any source
12 except those individuals to whom disclosure is permitted pursuant to paragraph 3,., supra,
13 without further order of the Court or authorization from counsel for Defendants.
14    6.    Notwithstanding the provisions of paragraph 3 of this Stipulated Protective
15 Order, documents or materials designated as "confidential" and produced pursuant to this
16 Stipulated Protective Order may not be delivered, exhibits, or otherwise disclosed to any
17 reporter, writer, or employee of any trade publication, newspaper, magazine, or other medial
18 organization.
19    7.    Should any documents or materials designated "confidential" and identified
20 above be disclosed, through inadvertence or otherwise, to any person or entity not authorized
21 to receive it under this Stipulated Protective Order, the disclosing Person(s) shall promptly:
22       a.    Inform counsel for the Plaintiff of the recipient(s) and the
23 circumstances of the disclosure, and
24       b.    Use best efforts to bind the recipient(s) to the terms of the Protective
25 Order.  Documents shall not lose their confidential status due to an unauthorized disclosure.
26    8.    After the conclusion of this litigation, all documents and materials, in whatever
27 form stored or reproduced, designated "confidential" and identified above will remain
28 confidential.  All documents and materials produced pursuant to this Stipulated Protective

Order shall be returned to counsel for Plaintiff in a manner in which counsel will be able to reasonably verify that all documents were returned.

All parties shall also ensure that all persons to whom documents or materials designated "confidential" and identified above were disclosed shall be returned to counsel for the Plaintiff. The conclusion of this litigation means a termination of the case following trial, settlement, dispositive motion, or the exhaustion of all appeals.

9. No later than 30 days of settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, or the exhaustion of all appeals, all persons having received the documents or materials designated "confidential" and identified above shall return said documents to counsel for the Plaintiff.

10. If any party appeals a jury verdict, or order terminating the case, Defendants' counsel shall retain possession of all documents or materials designated "confidential," pending final outcome of the appeal, after which they shall be returned to counsel for the Plaintiff.

11. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and effected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause show by this Court, or any Court having jurisdiction of an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good cause shown or by the parties' stipulation.

12. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of "confidential" material.

**IT IS SO STIPULATED**

November 13, 2014                                              LAW OFFICE OF JACOB M. WEISBERG


                                                               /s/ Jacob M. Weisberg
                                                               Jacob M. Weisberg
                                                               Attorney for Plaintiff

November 13, 2014                                              DANIEL C. CEDERBORG
                                                               County Counsel


                                                               /s/ Michael R. Linden
                                                               Michael R. Linden, Deputy
                                                               Attorneys for Defendants

### ORDER

Pursuant to the stipulation of the parties, the protective order is HEREBY GRANTED. The parties are advised that pursuant to the Local Rules of the United State District Court, Eastern District of California, any documents which are to be filed under seal will require a written request as specified in Rule 141.

IT IS SO ORDERED.

Dated: **November 14, 2014**

                                                               UNITED STATES MAGISTRATE JUDGE

5