# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD P. BERMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN REYNOLDS, et al.,<br><br>  Defendants. | Case No. 1:13-cv-00597- SAB<br><br>ORDER DENYING STIPULATION TO AMEND SCHEDULING ORDER<br><br>(ECF No. 61) |

Plaintiff Richard P. Berman filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 9, 2013 in Fresno County Superior Court. (ECF No. 1-1.) On April 23, 2013, Defendants removed the action to the Eastern District of California. (ECF No. 1.) On July 24, 2013, a scheduling order issued setting deadlines and the trial in this action. (ECF No. 16.) On December 23, 2014, an order issued amending the discovery deadlines pursuant to the stipulation of the parties. (ECF No. 34.) On February 4, 2015, an order issued amending the expert disclosure dates due to the stipulation of the parties. (ECF No. 43.)

On March 6, 2015, an amended scheduling order issued pursuant to the stipulation of the parties. (ECF No. 51.) On September 8, 2015, the dispositive motion and expert discovery deadlines were amended due to the stipulation of the parties. (ECF No. 55.) On September 29, 2015, a second amended scheduling order issued at the stipulation of the parties. (ECF No. 57.) On January 22, 2016, the dispositive motion deadline was amended at the stipulation of the

1

1  parties. (ECF No. 60.) Currently before the Court is a third stipulation to amend the scheduling
2  order and move the trial in this action. (ECF No. 61.)

3        Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of
4  Civil Procedure which provides that a scheduling order "may be modified only for good cause
5  and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The district court has broad discretion
6  in supervision of the pretrial phase of litigation. Zivkovic v. Southern California Edison Co.,
7  302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16's good cause standard considers the diligence of
8  the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably
9  be met despite the diligence of the party seeking the amendment. Johnson v. Mammoth
10 Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). While prejudice to the opposing party
11 could "supply additional reasons to deny a motion, the focus of the inquiry is upon the moving
12 party's reasons for seeking modification." Johnson, 975 F.2d at 609. Therefore, if the party
13 moving for amendment of the scheduling order has not demonstrated diligence, the inquiry
14 should end and the motion should be denied. Id.

15       The trial is this action the trial has been moved on two prior occasions at the stipulation
16 of the parties and is currently set for June 6, 2016. (ECF No. 51.) The parties have failed to
17 provide any reason for another amendment of the scheduling order. Accordingly, the Court finds
18 that there is not good cause to modify the scheduling order in this action. This is a relatively
19 straight forward civil rights action which has been litigated for almost three years. At some time
20 this action will be required to proceed to trial and changing trial dates impacts the Court's
21 calendar and other cases. This Court ensures that parties get their trial dates. The parties'
22 stipulation to amend the scheduling order is HEREBY DENIED.

23
24 IT IS SO ORDERED.

25 Dated: **February 12, 2016**
                                             UNITED STATES MAGISTRATE JUDGE
26
27
28