# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BERMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN REYNOLDS, et al.,<br><br>        Defendants. | Case No. 1:13-cv-00597-SAB<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO EXCEED THE PAGE LIMITATIONS FOR OPPOSITION TO MOTION TO SUMMARY JUDGMENT<br><br>(ECF No. 72) |

On February 29, 2016, Defendant Fresno County ("Fresno County") filed a motion for summary judgment with regard to Plaintiff Richard Berman's ("Plaintiff") fifth claim for relief for municipal liability against Fresno County. (ECF No. 67.) On March 29, 2016, Plaintiff filed his opposition to the motion for summary judgment. (ECF No. 69.) On April 5, 2016, Fresno County filed its reply to Plaintiff's opposition to the motion for summary judgment. (ECF No. 71.)

**I.**

**PLAINTIFF'S REQUEST TO EXCEED PAGE LIMITATIONS**

Plaintiff's opposition is 32 pages. (ECF No. 69.) In its reply, Fresno County argues that Plaintiff's opposition should not be considered because it exceeds the page limitations set forth in this Court's standard procedures and leave was not sought to file an opposition that exceeds the page limitations.

1

1 In Judge O'Neill's standing order, which was issued in this case with the civil new case documents on April 24, 2013, the parties were informed that, "[u]nless prior leave of Court is obtained seven days before the filing date, all moving and opposition briefs or legal memorandum in civil cases shall not exceed 25 pages…Briefs that exceed the page limitations or are sought to be filed without leave may not be considered." (ECF No. 6-1 at 1.) On July 23, 2013, the Court sent via email this Court's Chambers Procedures (June 2013 ed.) to Plaintiff. (ECF No. 15.)[1] Further, the Court's Scheduling Order dated July 24, 2013, provided directions on how to access the undersigned's webpage.[2] (ECF 16). In that order the Court noted that the parties shall comply with its guidelines. Id. While the Court's Chambers Procedures were sent to Plaintiff's former counsel, this is no excuse for Plaintiff's current counsel not being aware of this Court's Chambers Procedures. The Court's Chambers Procedures contained information regarding the page limitations. Also, as part of this Court's Standard Information which is available on the undersigned's webpage at www.caed.uscourts.gov, "[u]nless prior leave of Court is obtained seven days before the filing date, all moving and opposition briefs or legal memorandum in civil cases shall not exceed 25 pages."

On April 6, 2016, Plaintiff filed a declaration by Plaintiff's counsel in support of his request to waive the failure of the Plaintiff to file a request to exceed the 25 page limitation. (ECF No. 72.) Plaintiff asks the Court to waive the requirement for prior authorization to file a document longer than 25 pages and consider the entire document.

Along with Plaintiff's counsel's declaration, Plaintiff submitted a declaration of Plaintiff's counsel's legal assistant, Carol Ann Rubin. In her declaration, Ms. Rubin states that on March 21, 2016, she spoke by telephone to Margie in the chambers of the undersigned. (ECF

---

[1] In the Court's minutes on July 23, 2013, the Court stated that, "[t]he plaintiff was sent via email SAB Chambers Procedures (June 2013 ed.) and defendant's counsel Michael Linden was provided a copy at the conference. Plaintiffs Counsel Kevin Little by telephone." (ECF No. 15.)

[2] The Courts order at Section XIII "Compliance with Federal Procedure" states: "Additional requirements and more detailed procedures for courtroom practice before United States Magistrate Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (http://www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB). In the area entitled "Case Management Procedures," there is a link to "Standard Information." All parties and counsel shall comply with the guidelines set forth therein."

No. 72-1 at 1.) Ms. Rubin declared that Margie indicated that there was no limit to the number of pages that may be submitted, but briefs over 25 pages must also be submitted in paper form to Judge Boone's chambers. (ECF No. 72-1 at 1.) The Court assumes that "Margie" refers to Ms. Marjorie Webb, the undersigned's career law clerk. Ms. Webb does remember speaking to Ms. Rubin on March 29, 2016, regarding a problem with filing a document on ECF. However, Ms. Webb does not recall having any other conversations with Plaintiff's counsel's office.

Further, Ms. Webb is familiar with the undersigned's standard procedures regarding page limitations and as the Court's career law clerk, since the Court took the bench, Ms. Webb had a hand in suggesting the procedures for this Court, including the page limitations portion. The Court does not find Ms. Rubin's declaration credible in this area. Further, as noted and done in this case, the Court provides this information to counsel after its scheduling conference and makes such information available on its webpage, as do other judges of this district, of their chambers procedures. The Court's orders are not mere recommendations or boilerplate instructions intended to be ignores. Parties must comply with the Court's orders. Relief may be sought from any judicial order and the Court assumes that even if counsel is not originally provided with such an order that substituted counsel would review the case docket and the record to ensure compliance. Counsel is advised to exercise caution when filing such documents that are placed before the court. All Counsel are advised that other procedures exist on the Court's webpage regarding trial, jury selection process, and electronic evidence, again to provide counsel with guidance as to how this court operates and to assist litigators in presenting their case in this courtroom and provide some certainty as to foster preparation for trial.

The Court, in its discretion, grants Plaintiff's request to waive the requirement for prior authorization to file a document longer than the page limitations and the Court will consider the entire opposition.

\ \ \

\ \ \

\ \ \

\ \ \

## II.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request to exceed the page limitations for his opposition to Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Dated: __**April 7, 2016**__

UNITED STATES MAGISTRATE JUDGE