UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD P. BERMAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF FRESNO and TRACY SINK,<br><br>　　　　　Defendants. | Case No. 1:13-cv-00597-SAB<br><br>**ORDER RE STIPULATIONS RE TRIAL EVIDENCE**<br><br>(ECF No. 78) |

　　　　Per the Court's Pretrial Order (Doc. 76), the parties have met and conferred in good faith regarding their proposed motions in limine. The following evidentiary issues are stipulated to by the parties:

　　　　1)　　Evidence related to the personnel records of any non-defendant law enforcement officers that may testify at trial is excluded.  Such records include, (1) information of a personal nature (addresses, phone numbers, income, etc.); and (2) information concerning any disciplinary actions or complaints (or lack thereof) levied against any testifying peace officer. Evidence related to Deputy Sink's personnel file, to the extent it includes information of a personal nature is also excluded.  Evidence related to disciplinary actions or complaints brought against Deputy Sink is the subject of the parties' respective motions in limine.

1

2) Evidence concerning the failure to book the subject wrench into evidence after Plaintiff's arrest is excluded. Defendants stipulate that the plastic wrench shown to Jim Sida, Defendants' retained police procedures expert, is a reasonable facsimile of the wrench that is the subject of this litigation.

3) Both parties' retained police procedures experts, Richard Lichten and James Sida, are precluded from offering medical opinions as to how or whether the force used in arresting Plaintiff could have caused injury to his back.

4) The parties' respective police procedures experts will not render opinions that are legal conclusions.

5) Plaintiff is precluded from making any inquiry, comment or argument before the jury that suggests that jurors should base Plaintiff's damages, if any should be awarded, on an amount that jurors would charge to endure similar injuries, i.e., the "Golden Rule."

6) Plaintiff is precluded from presenting evidence concerning Defendants' insurance.

7) The parties are precluded from soliciting testimony or presenting evidence regarding the County of Fresno's indemnification of Deputy Sink for any non-punitive damages.

8) Should a jury find Plaintiff is entitled to punitive damages, the phase of the trial wherein the amount of damages is determined will be bifurcated from the liability phase of the trial.

9) Any evidence or witnesses not timely disclosed during discovery is precluded (subject to the Court's exceptions in the pretrial order).

10) Testimony of experts regarding the credibility of any witness or the parties, or expressions of opinion based on factual findings (as opposed to hypotheticals) that necessarily require credibility determinations is precluded.

| | | |
|---|---|---|
| DATED: May 6, 2016 | | WEAKLEY & ARENDT, LLP |
| | By: | /s/ James J. Arendt |
| | | James J. Arendt |
| | | Michelle E. Sassano |
| | | Attorneys for Defendants, |
| | | County of Fresno and Tracy Sink |
| | | |
| DATE: May 6, 2016 | | LAW OFFICES OF JACOB M. WEISBERG |
| | By: | /s/Jacob M Weisberg |
| | | Jacob M. Weisberg, |
| | | Attorney for Plaintiff Richard Berman |

IT IS SO ORDERED.

Dated:  **May 6, 2016**

_____
UNITED STATES MAGISTRATE JUDGE